[Cite as *State v. Johnson*, 2025-Ohio-4522.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25 CAA 04 0029 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 24 CRI 11 0668 |
| AMARI JOHNSON, | Judgment:  Affirmed |
| Defendant – Appellant | Date of Judgment Entry: September 26, 2025 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; David M. Gormley, Judges

**APPEARANCES:** MELISSA A. SCHIFFEL and KATHERYN L. MUNGER, for Plaintiff-Appellee; CHRISTOPHER BAZELEY, for Defendant-Appellant.

*Montgomery, J.*

{¶1}   Defendant-Appellant, Amari Johnson, appeals from the decision of the Delaware County Court of Common Pleas sentencing her to 18 months in prison for robbery, a felony in the third degree, after she pled guilty.  For the reasons below, we AFFIRM.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

{¶2}   On November 10, 2024, Appellant went to the victim's apartment, broke in, and beat up the victim and took her purse and cell phone.  The victim apparently owed Appellant some money.  The victim went to the hospital and was treated for a concussion and had lacerations and bruising on her face.  In addition to the victim, the apartment owner and her three young children were in the home when the robbery occurred.

**{¶3}** On November 21, 2024, Appellant was indicted on one count of Robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree. Appellant entered a guilty plea to a lesser charge, Robbery, a felony of the third degree. On February 21, 2025, at the plea hearing, defense counsel indicated to the court that Appellant wanted to get an alcohol and drug assessment for the court to consider at sentencing. The court agreed that an assessment may be useful, ordered the assessment, and encouraged Appellant to complete the assessment before the sentencing hearing scheduled for March 24, 2025.

**{¶4}** Upon the court's own motion, the sentencing hearing was continued for one week, until March 31, 2025. On March 27, 2025, Appellant filed a motion to continue the sentencing hearing for the purpose of obtaining an alcohol and drug assessment and/or mental health evaluation, stating that it was scheduled for April 3, 2025. At the sentencing hearing, the court denied the motion to continue. The court sentenced Appellant to 18 months in prison with restitution in the amount of $6,079.20. Appellant timely filed the instant appeal.

## SOLE ASSIGNMENT OF ERROR

**{¶5}** "I. THE TRIAL COURT ERRED WHEN IT OVERRULED JOHNSON'S MOTION TO CONTINUE HER SENTENCING HEARING SO THAT SHE COULD COMPLETE THE MENTAL HEALTH AND SUBSTANCE ABUSE ASSESSMENTS THAT IT STATED WOULD BE A MITIGATING FACTOR FOR HER SENTENCE."

## STANDARD OF REVIEW

**{¶6}** Generally, the decision whether to grant or deny any continuances is left to the sound discretion of the trial court. *State v. Unger*, 67 Ohio St.2d 65 (1981), syllabus; *State v. Holmes*, 36 Ohio App.3d 44, 47 (1987). Appellate courts may not disturb a trial court's decision to deny a continuance absent an abuse of discretion. *Unger*, at 67. An abuse of discretion is more than an error of law or judgment; it implies that the court's

attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "The answer to whether an abuse of discretion has occurred in the denial of a continuance must be found in the circumstances of each individual case, particularly the reasons presented to the trial court at the time of the request." *State v. George,* 2004-Ohio-2868, ¶ 49, citing *Unger,* supra.

## ANALYSIS

**{¶7}** In evaluating a motion for a continuance, the trial court should consider (1) the length of the requested delay, (2) whether other continuances have been granted, (3) the inconvenience to litigants, witnesses, opposing counsel, and the court, (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived, (5) whether the defendant contributed to the circumstances that give rise to the request for a continuance, and (6) other relevant factors of each case. *George*, ¶ 50, citing *Unger*, supra. The court must balance these factors to determine whether the trial court abused its discretion. *Id.*

**{¶8}** Appellant argues there are unique circumstances that weigh in favor of a continuance to allow an assessment. During the plea hearing, Johnson advised the court that she was suffering mentally due to a brutal stabbing that left her arm partially paralyzed and indicated that an assessment may provide her with resources/treatment to address her anger and substance abuse issues. *Plea Tr.*, p. 18. Appellant further argues that defense counsel explained that the assessments did not occur because of staffing issues in his office, but that the assessment was scheduled for April 3, 2025, only a few days after the scheduled sentencing hearing.

**{¶9}** We conclude that the trial court did not abuse its discretion in denying the continuance under the circumstances of this case. Although Appellant claims there was some difficulty in scheduling the assessment, the fact remains that Appellant had nearly six weeks to do so prior to the sentencing hearing. Additionally, contrary to Appellant's position, the transcript makes clear that the results of any such assessment would not have affected the trial court's ultimate sentence. Indeed, the transcript reveals the court's sentence was based on Appellant's prior record (both juvenile and adult), that the offense was a crime of violence, was pre-organized criminal activity, and that the offense was committed in the vicinity of children. At the sentencing hearing, the trial court stated: "I frankly don't know what impact that would have, if any, on what we're doing, so - - [s]o the [r]equest for [c]ontiuance is denied but I understand it." *Sent. Tr.*, p. 6. The court then stated:

> I'll be honest with you guys. This is a struggle for me, the recommendation. Because I know it's her first felony but this is kind of a long history of violent behavior by Ms. Johnson. Juvenile record, age 12, assault with several violations - - punching somebody . . . Assault and punched a 10-year old . . . resisting, assault. Kicking and resisting DPD officers, theft. Dismissed charge of - - weapons charges in Franklin County. Those were on the juvenile record. That's relevant because she's only 23.
>
> As an adult, assault pled down to a disorderly conduct with a violation . . . Punched somebody . . . in the face. Criminal trespass, Londontown. Resisting arrest where she has a bench warrant currently out of Franklin County where she failed to follow orders . . . when she was being arrested.

We have this offense, and then she shows back up at Londontown again four days later. And then while she's in the jail on this case, she now has a new charge of assault for punching somebody in the face.

*Sent. Tr.*, pp. 12-13.

{¶10} The court was likewise concerned with the specific facts of this case. It noted that this was a second-degree robbery pled down to a third-degree robbery with a "pretty significant" criminal history for a 23-year-old, that "children were there and witnessed the incident, and you've got organized criminal activity, or at least two people [involved]." *Id.*, at p. 14. Further:

So, obviously, there was physical harm here, a number of serious factors that make this more serious. There's physical harm. Some kind of relationship between the victim and the defendant that facilitated the offense but we'll find that it was pre-organized criminal activity. And that the offense was committed in [the vicinity] or witnessed by children, in turn, so I do find it is more serious."

*Id.*, at pp. 16-17.

{¶11} The above circumstances, in addition to Appellant's history of criminal convictions for similar conduct – including offenses of violence, disrespect and fighting with law enforcement – convinced the court to disregard the joint recommendation for probation and instead impose a prison term of 18 months. Simply stated, any drug and/or mental health assessment would not have alleviated the circumstances causing the court to impose a prison sentence. *Sentencing Tr.,* pp. 13, 17. Thus, there was no abuse of discretion in denying the continuance request.

**{¶12}** Moreover, when defense counsel requested the continuance at the beginning of the sentencing hearing, he understood that the Court may wish to proceed without the assessments, and stated he would defer to the court whether or not to go forward. *Id*., at p. 3. Thus, in the final analysis, there is simply no reasonable contention that the trial court acted arbitrarily, unreasonably, or unconscionably as is required to demonstrate an abuse of discretion. Appellant's sole assignment of error is overruled.

## CONCLUSION

**{¶13}** Because the trial court acted within its discretion in denying Appellant's request for a continuance, Appellant's sole assignment of error is overruled. The judgment of the Delaware County Court of Common Pleas is affirmed.

**{¶14}** Costs to Appellant.

By: Montgomery, J.

King, P.J. and

Gormley, J. concur.